LOTTINGER, Judge.
This is a suit for property damages as well as personal injuries resulting from an accident between two trucks, one driven by petitioner, Moses Holmes, and the other driven by defendant, Johnny Martin. The Lower Court awarded judgment in favor of petitioner and against defendant and the defendant appealed. The record discloses that the accident happened at approximately 6.45 P.M. on August 23, 1958. Immediately before the accident petitioner was driving his 1948 model pick-up truck in an easterly direction on Highway No. 16, traveling from Montpelier to Amite. Immediately prior to the accident petitioner was traveling at a speed of about 30 to 35 miles per hour, and the parking lights on his truck were burning. The evidence indicates that some of the cars traveling at the time had their lights on, while other *96 cars did not. The evidence indicates, however, that there was light enough to- see without lights.
As petitioner approached the vicinity of Ardillo’s Grocery and Saloon, which is situated on the south side of the highway, the defendant, who had been stopped at Ardillo’s place, attempted to cross the highway and make a left turn so as to travel in a westerly direction along the highway. Petitioner claims that the defendant came out of the south side of the highway without stopping and directly in the front of the petitioner’s vehicle. Petitioner attempted to pull to the right and apply his brakes, however, he struck the defendant’s vehicle near the left rear portion thereof. According to the testimony of Eddie Myers, a State Police Officer who investigated the accident, the petitioner’s vehicle came to rest in its own lane of traffic and headed iri an easterly direction, while the defendant’s vehicle continued straight across the highway and came to rest with its front end in the ditch on the north side of the highway. Trooper Myers testified that the point of impact was approximately in the center of the highway.
The petitioner filed suit for damages to his car as well as for pain and suffering and personal injuries to- his own person. The defendant filed answer denying any negligence on his part and reconvened for property and personal damages. The Lower Court awarded judgment in favor of •petitioner in the amount of $574.28, which sum includes $449.28 as damages to the truck of petitioner, $25 for wrecker service, and $100 for personal injuries in pain and suffering. The defendant has taken this appeal.
The basis of the appeal by defendant is ■evidently the fact that he, as well as his witnesses, gave some testimony to the effect that he had crossed the highway and had entered his own lane of traffic at the time of impact. He contends that he •crossed the highway, made a left turn and was proceeding in a westerly direction when petitioner evidently became excited, and applied his brakes and veered to his left striking the defendant’s truck near its left rear wheel.
The defense witnesses, who so testified, claim that the defendant’s vehicle came to rest on the north side of the highway with its front end facing toward the south; this is directly opposite to the testimony of the State Trooper who investigated the accident.
There were certain inconsistencies as to the testimony of the defense witnesses. One of them testified upon cross-examination that the defendant tried quickly to get across the highway and go around the petitioner’s vehicle, however he just didn’t make it. Another of these witnesses testified that he was 150 to 200 yards away toward the east of the point of impact, and that he saw both vehicles prior to the impact; on the other hand a third witness for the defense testified that, although she was standing on the side of the road when the petitioner’s vehicle passed, she almost stepped into the road directly in the path of the petitioner’s vehicle because she could hardly see it coming without headlights on.
The evidence as a whole indicates to us that the sole and proximate cause of this accident was the gross negligence of the defendant in pulling across the highway in the face of on-coming traffic which he either saw or should have seen. The physical facts as testified to by the State Patrolman indicate that the defendant pulled out directly into the path of the petitioner’s vehicle. Such was the finding of the Lower Court and we find no error in its holding.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed; all costs of this appeal to be paid by defendant.
Judgment affirmed.